UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VINCENT BOYD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HUNTER, JUNIOR KIPI, and ANDREW SCOTT,<br><br>　　　　Defendants. | Case No. 2:25-cv-02380-JAD-EJY<br><br>**ORDER<br>And<br>REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff Vincent Boyd's application to proceed *in forma pauperis* ("IFP"), which is complete. ECF No. 1 Also pending is Plaintiff's Complaint (ECF Nos. 1-1). Plaintiff's Complaint fails to allege a basis upon which the Court may exercise jurisdiction. For the reasons stated below, the Court recommends dismissing Plaintiff's Complaint without prejudice, but without leave to amend in this Court.

**I.      Screening the Complaint**

Upon granting Plaintiff's IFP application the Court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the

face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.  Plaintiff's Complaint Demonstrates No Subject Matter Jurisdiction**

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). Here, as the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Plaintiff's Complaint identifies one cause of action—The Right to Park—that even upon thorough review fails to allege a violation of federal law or the U.S. Constitution. ECF No. 1-1, *generally* and at 5.[1] Indeed, Plaintiff brings claims against private citizens and one state employee without stating a viable claim. *Id.*

---

[1] In Plaintiff's prayer for relief he asks the Court to remove regulatory authority to tow cars from the Department of Transportation and give this authority to "law enforcement." ECF No. 1-1 at 7. The Court has no authority to do so. *State v. Dickerson*, 113 P. 105, 111 (Nev. 1910) ("So, also, if it be said that a statute like the one before us is mischievous in its tendencies, the answer is that the responsibility therefor rests upon the Legislature, not upon the courts.") *citing Ex parte Boyce,* 27 Nev. 331, 75 Pac. 3 (65 L. R. A. 47) (1904) ("adopting the language of Justice Harlan and the Supreme Court of the United States"). In a conclusion, Plaintiff also alleges the Department of Transportation has a history of discriminating against him. ECF No. 1-1 at 7. However, Plaintiff alleges no facts whatsoever that flesh out this statement. *Id.*, *generally*. More importantly, the Department of Transportation is generally immune from suit brought by a private citizen alleging a violation of the Constitution including, specifically, under the Fourteenth Amendment due process or equal protection clause to which selective (discriminatory) enforcement of law would apply. *Breck v. Doyle*, 796 Fed.Appx. 333, 336 (9th Cir. 2019) (internal citation omitted). The Court further notes Plaintiff cannot bring a discrimination claim against the State of Nevada Department of Transportation under *Monell v. New Your City Dep't of Social Services*, 436 U.S. 658 (1978). *Krainski v. Nevada ex re. Bd. Of Regents of Nevada System of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (acknowledging, based on *Will* [*v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)], that the Supreme Court has expressly declined to extend *Monell*'s theory of municipal liability under § 1983 to state entities). Thus, Plaintiff cannot raise *Monell* civil rights claims under the Fourteenth Amendment alleging selective (discriminatory) enforcement of law. To the extent Plaintiff may have a state law claim, his lack of federal jurisdiction precludes proceeding on such a claim in federal court.

Plaintiff also fails to plead facts establishing diversity jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain et al.*, 490 U.S. 826, 829 (1989) (it is Plaintiff's obligation to plead facts that establish complete diversity of citizenship). That is, Plaintiff states he lives in Henderson, Nevada, which the Court reasonably interprets as establishing Nevada citizenship. *Vanvelzor v. Central Garden & Pet Co.*, Case No. 3:10-cv-085-JWS, 2010 WL 3219534, at *1 (D. Alaska Aug 13, 2010). Plaintiff provides telephone numbers for Defendants Kipi and Scott, both with Las Vegas area codes while providing no location information for the Defendant identified only as Hunter. Nonetheless, the facts alleged demonstrate that Plaintiff was parked at an EOS Fitness Gym on Maryland Parkway, in Las Vegas, and that his car was towed while he was inside the gym. *Id*. at 3-4. Plaintiff states the tow occurred when "property management" ordered his vehicle moved because it was not authorized to park where it was. *Id*. at 4. Plaintiff filed a complaint with the Department of Transportation, which produced a report authored by Andrew Scott stating the "tow was lawful and the company's actions were lawful." *Id*. Plaintiff's car was subsequently sold at auction. *Id*. The Court is entitled to "use … [its] judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Kwiatwoski v. Hartford Fire Insurance Company*, Case No. 2:08-cv-00730-APG-VCF, 2014 WL 12718519, at *1 (D. Nev. Sept. 24, 2014) *quoting Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (further citation omitted). Here, even drawing all reasonable inferences in Plaintiff's favor, the facts alleged belie the conclusion that the citizenship of any Defendant is other than Nevada. Thus, Plaintiff fails to demonstrate a basis for the exercise of diversity jurisdiction.

In sum, Plaintiff fails to assert any basis that would allow him to proceed in federal court. For this reason, the Court recommends the Complaint be dismissed without prejudice, but without leave to amend in this Court.

**III.   Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff Vincent Boyd's Application to Proceed *in forma pauperis* (ECF No. 1) is granted.

## IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED without prejudice, but without leave to amend. Plaintiff states no basis for the exercise of federal jurisdiction. To the extent he seeks to bring a claim of selective enforcement of towing laws against a proper party under state law, the dismissal without prejudice allows him to attempt to do so in state court.

Dated this 5th day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).